UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BLAKE WELSH, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF ILLINOIS, et.al., )<br>    Defendants. ) | 15-CV-4091 |

**MERIT REVIEW ORDER**

This cause is before the Court for merit review of the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges five Defendants violated his constitutional rights at Hill Correctional Center including the State of Illinois,

Illinois Department of Corrections, Wexford Health Sources, Inc., Warden Akpore and an unnamed cement company.

Plaintiff says on June 25, 2013, he was playing basketball during his evening yard time on a court which had a "dip" in the concrete. (Comp., p. 5).  Plaintiff says his heel hit this area of the court causing his right Achilles tendon to rupture.  Plaintiff immediately went to the Health Care Unit where Nurse Jane Doe gave him an ice pack.  She also gave him permission to use ice for twenty-four hours, but she told him there was nothing else she could do.  Seven days later, Plaintiff saw a doctor who sent him to an outside hospital.  A specialist confirmed Plaintiff's Achilles tendon was ruptured.

Although he has not specifically named her as a Defendant, Plaintiff alleges Nurse Jane Doe was deliberately indifferent to his serious medical condition because she "should of called someone in a higher position" and she left him to suffer in pain for seven days. (Comp., p. 6)

The Court notes the Plaintiff has attached his medical records to his complaint.  The first note is at 7:10 p.m. on the evening of June 25, 2013.  The record indicates the Plaintiff stated he injured

his "achilles/calf" while playing basketball and he felt a "pop." (Comp, p. 13). The nurse noted the Plaintiff reported pain, limped when he walked and there was swelling.  The nurse responded by providing a cold compress as well as pain killers and instructed Plaintiff to elevate his leg.

The next medical record is dated the following morning at 10:55 a.m.  It is unclear who examined the Plaintiff, but the notes again report Plaintiff injured his Achilles while playing basketball and he felt a "snap." (Comp, p. 14).  The medical staff member gave the Plaintiff a painkiller and noted he was to "see Dr. Sood."(Comp., p. 14).  The medical record is also stamped "M.D. VISIT." (Comp., p. 14).  It appears the Plaintiff was later scheduled to see Dr. Sood on July 2, 2013, and the doctor referred him to an orthopedist for evaluation. ( Comp, p. 15).  An RN note also indicates Plaintiff has a walking boot and denies he is in pain. (Comp., p. 15).  On July 3, 2013, the Plaintiff was allowed to leave on a medical furlough for a "possible" Achilles rupture. (Comp., p 16).

In order to demonstrate an Eighth Amendment violation, Plaintiff must show he suffered from a serious medical condition and Nurse Doe was deliberately indifferent to that condition.

*Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Farmer v Brennan*, 511 U.S. 825, 834 (1994). Based on the allegations in the complaint, Plaintiff is alleging Nurse Jane Doe was responsible for a delay in providing care for his ruptured Achilles tendon. While Plaintiff alleges the nurse was responsible for a seven day delay, the medical record indicates the delay may have been significantly shorter. Nonetheless, for the purposes of notice pleading, the Plaintiff has stated an Eighth Amendment claim against Nurse Jane Doe. *See Allen v. Kreig*, 2011 WL 4336732, at *4 (S.D.Ill. Sept. 14, 2011)(claim of delay in treating ruptured Achilles' tendon survives initial review).

Plaintiff is also suing Wexford Health Services, Inc. based on the care provided by Nurse Jane Doe. However, Wexford can not be held liable for the nurse simply because she is one of their employees.*Woodward v Corr. Medical Serv. of Illinois, Inc.,* 368 F.3d 917, 927 (7th Cir. 2004)(A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation).

Plaintiff states he is suing the unnamed cement company for improperly pouring the cement on the basketball court and the State of Illinois and the Illinois Department of Corrections for hiring the cement company. He is asking for damages and for the surface to be repaired. In addition, Plaintiff says he made the State aware of the problem when he filed grievances after the incident, but no one made any repairs. The Plaintiff was only advised not to play near the dip in the court surface. Plaintiff says he reinjured his Achilles on April 26, 2015 while playing basketball on the same court and had to spend the night in the infirmary.

In order to state a claim under the Eighth Amendment for deliberate indifference to a hazardous condition of confinement, a plaintiff is required to allege that defendants deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm. *Pyles v. Fahim,* 771 F.3d 403, 409 (7th Cir.2014). "Conditions of confinement must be severe to support an Eighth Amendment claim; the prison officials' act or omission must result in the denial of the minimal civilized measure of life's necessities." *Morissette v. Peters,* 45 F.3d 1119, 1123 (7th Cir.1995) (quotation marks and citations omitted). "An objectively sufficiently serious

risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss,* 384 F.3d 879, 882 (7th Cir.2004) (quotation marks and citations omitted):

First, Plaintiff has failed to allege any of these Defendants knew about the "dip" in the concrete prior to Plaintiff's initial fall. Second, Plaintiff's claim that there was an indentation in the basketball court does not implicate a deprivation of "the minimal civilized measure of life's necessities." *Morissette,* 45 F.3d at 1123; *see Park v. City of New York*, 2011 WL 5865083, at *5-6 (S.D.N.Y. Nov. 22, 2011)(Plaintiff's allegations of cracks and bumps in basketball court "suggest that he was deprived of the opportunity to engage in recreational facilities on a level surface" which "is not an inhumane condition.") In addition, "[w]here prison inmates have been injured from falling on a wet, slippery, or uneven floor, or suffered some injury caused by a dangerous condition on the premises, Courts have generally found that such conditions were not objectively serious enough to implicate the Eighth Amendment." *Akers v. Wexford Health Sources, Inc.*, 2014 WL 5023361, at *4 (S.D.Ill. Oct. 7, 2014)(listing citations).

Therefore, Plaintiff may only proceed with his claim against Nurse Jane Doe.  The Court will dismiss all other Defendants with the exception of Wexford Health Sources.  Wexford will remain in the case only for the purposes of identifying the name of the Jane Doe Nurse who treated the Plaintiff on June 25, 2013.  Once the Nurse has been identified, the Court will dismiss Defendant Wexford.

Finally, Plaintiff has filed a motion for appointment of counsel. [4]. In considering the Plaintiff's motion, the Court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has not provided any evidence demonstrating he has attempted to find counsel on his own such as a list of attorneys contacted or copies of letters sent or received.  Therefore, the motion is denied with leave to renew. [4]

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states Defendant Nurse Jane Doe was deliberately indifferent to his serious medical condition on June 25, 2013 when she delayed treatment for a ruptured Achilles Tendon. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not

filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by

Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to attempt service on Defendant Wexford Health Sources, Inc. pursuant to the standard procedures and set an internal hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure in 60 days.**

12) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

13) **The Clerk is directed to dismiss Defendant State of Illinois, Illinois Department of Corrections, Warden Akpore and Cement Company.**

14) **The Clerk is directed to add Defendant Nurse Jane Doe.  Wexford will remain in the case only for the purposes of identifying the Jane Doe Nurse.**

15) **Plaintiff's motion for appointment of counsel is denied with leave to renew. [4]**

ENTERED:            November 12, 2015

FOR THE COURT:       s/ Sue E. Myerscough
                    _____
                    SUE E. MYERSCOUGH
                    UNITED STATES DISTRICT JUDGE